IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FLOR FIERRO, ) <br> ) <br> **Individually and as** ) <br> **Next Friend for** ) <br> ) <br> L.B. ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **WAL-MART STORES EAST I, L.P.** ) <br> ) <br> **Defendant.** ) | Case No.: 4:22-cv-00741 <br><br> Removed from Circuit Court <br> of Cass County, Missouri <br> Case No.: 22CA-CC00213 |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wal-Mart Stores East I, L.P. (hereinafter "Defendant" or "Walmart") hereby removes to the United States District Court for the Western District of Missouri the action styled *Flor Fierro individually and as next friend for L.B. v. Wal-Mart Stores East I, L.P.*, Case No. 22CA-CC00213, from the Circuit Court of Cass County, Missouri. Defendant states the following in support of removal:

### STATE COURT ACTION

1. On August 1, 2022, Plaintiff Flor Fierro ("Plaintiff") individually and as next friend for L.B. commenced this matter by filing their Petition in the case styled *Flor Fierro individually and as next friend for L.B. v. Wal-Mart Stores East I, L.P.*, Case No. 22CA-CC00213, in the Circuit Court of Cass County, Missouri (the "State Court Action").

2. Plaintiff's Petition for Damages in the State Court Action asserts claims of negligence and punitive/exemplary damages.

3. Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

4. Defendant was served with process on October 11, 2022.

5. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

6. A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

7. A Notice of Removal is required to be filed within thirty (30) days that the defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

8. Defendant was served with process on October 11, 2022.

9. This Notice of Removal is being filed on or before November 10, 2022.

## VENUE REQUIREMENT IS MET

10. Venue is proper, in that this Court is the United States District Court in which a substantial part of the events or omissions giving rise the claim by Plaintiff occurred under 28 U.S.C. §1391(b)(2). The Western District of Missouri embraces the place where the action is presently pending: Cass County, Missouri is located within the territory of the western division of the Western District of Missouri.

## DIVERSITY JURISDICTION EXISTS

11. Diversity jurisdiction requires complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §1332(a)(1). *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

### Plaintiff Flor Fierro

12. Plaintiff is a citizen and resident of Grandview, Jackson County, Missouri. *See* Exhibit A, Petition ¶ 1.

### Defendant Wal-Mart Stores East I, L.P.

13. Defendant Wal-Mart Stores East I, L.P. is a d/b/a of Wal-Mart Stores East, LP, a limited partnership organized and existing under the laws of the State of Delaware; and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri and is neither a citizen nor a resident of the State of Missouri.

   a) WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner, are the sole partners comprising Wal-Mart Stores East, L.P.

   b) WSE Management, LLC, at the time of the commencement of said action and ever since, has been, and still is, a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

   c) WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still, is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office

and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

d) The sole member of both WSE Management, LLC and WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still is, Wal-Mart Stores East, LLC.

e) At the time of the commencement of said action and ever since, Wal-Mart Stores East, LLC has been, and still is, a limited liability company organized and existing under the laws of the State of Arkansas with its principal place of business in the State of Arkansas, not having its chief and principal office and place of business in the State of Missouri and is neither a citizen nor a resident of the State of Missouri.

f) The sole member of Wal-Mart Stores East, LLC is Walmart Inc., an entity incorporated under the laws of the State of Delaware; with its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri and is neither a citizen nor a resident of the State of Missouri.

14. Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ." 28 U.S.C. § 1332(a). Defendants need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if she were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Schubert v. Auto*

*Owners Ins. Co.,* 649 F.3d 817, 822-23 (8th Cir. 2011). Once Defendants have satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885; *see also* Schubert, 649 F.3d at 822-23.

16. When, as here, the Petition fails to allege a specific amount in damages sought, "[t]he jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). For purposes of removal, Defendants need only make a "plausible allegation" that the amount in controversy exceeds the threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Once a defendant makes such a showing, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quotation omitted).

17. Assuming the truth of the allegations in the Petition, more than $75,000.00 is in controversy. The Petition alleges that a six-year-old child suffered a "crushing" injury to her finger that required stitches and a cast and that "irreparable bone and muscle damage" remains resulting in her finger being "permanently disfigured." *See* Exhibit A, Petition ¶¶ 3, 10, 15, 16, 17. The Petition further alleges that the child has undergone one surgery and alleges that it is likely that another surgery will be needed when the child is finished growing. *See* Exhibit A. Petition ¶17. The Petition also alleges that the child has suffered "permanent psychological and mental trauma, which has had a notable effect on her behavior and sleep patterns." *See* Exhibit A, Petition ¶20.

18. Plaintiff's Petition also alleges punitive damages. *See* Exhibit A, Petition ¶ 21-22. She claims damages *in excess* of $25,000.00. *See* Exhibit A, Wherefore Paragraph following ¶ 20.

19. As a result of the Plaintiff's alleged past, present and future damages and allegations for compensatory damages, a fact finder could legally conclude that the amount in controversy in this matter is in excess of $75,000.

## REMOVAL IS PROPER

20. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the Circuit Court of Cass County, Missouri; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

21. The U.S. District Court for the Western District of Missouri is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## FILING OF REMOVAL PAPERS

22. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the District Court of Cass County, Missouri, as required by 28 U.S.C. § 1446(d).

## DESIGNATION OF PLACE OF TRIAL

23. Defendants hereby designate Kansas City, Missouri as the place for trial.

## CONCLUSION

WHEREFORE, Defendant hereby removes the above-captioned action from the Circuit Court of Cass County, State of Missouri, and request that further proceedings be conducted in this Court as provided by law.

DATED: November 10, 2022.

Respectfully submitted,

*/s/ Lindsay P. Windham*
Lindsay P. Windham        (MO #66153)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of November 2022, the foregoing was served via electronic mail to:

James LaSalle
6314 Brookside Plaza, Suite 206A
Kansas City, Missouri 64113
TEL: (816) 842-4343
FAX: (816) 817-0040
E-MAIL: jameslasalle@gmail.com
ATTORNEY FOR PLAINTIFF

/s/ *Lindsay P. Windham*
ATTORNEY FOR DEFENDANT