IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FLOR FIERRO, ) | |
| ) | |
| Individually and as ) | Case No.: 4:22-cv-00741 |
| Next Friend for ) | |
| ) | |
| L .B. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WAL-MART STORES EAST I, L.P. ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW plaintiff Liliana Bello, by her next friend Flor Fierro, and for her cause of action against defendant, Wal-Mart Stores East I, L.P., alleges and states as follows:

**Preliminary Statement**

This is an action alleging the intentional tort of negligence resulting in the laceration, open fracture, and severe nail damage of the minor child, Liliana Bello's, left middle finger, a black eye and contusion on her upper arm.

**Parties**

1. At the time of the negligent act and occurrence complained of herein, and at all times mentioned, plaintiff Flor Fierro (herein after referred to as "Fierro") has been over the age of 18 and a resident of Grandview, Jackson County, Missouri;

2. Plaintiff Fierro is the biological mother, natural guardian, and next friend of said minor plaintiff Liliana Bello, and brings this action on behalf of the minor Liliana Bello, and

1

also in her individual capacity, on her own behalf.

3. At the time of the negligent act and occurrence complained of herein, and at all times mentioned, plaintiff Liliana Bello (hereinafter referred to as "Bello") is a minor child, with a birth date of February 6, 2016, and is currently six years of age, and presently resides with her mother Flor Fierro, in Grandview, Jackson County, Missouri,

4. At the time of the negligent act and occurrence complained of herein, defendant, Wal-Mart Stores East I, L.P., (herein after referred to as "Wal-Mart") was a corporation in good standing, registered to do business in Missouri, and may be served through its registered agent at 120 South Central Avenue, Clayton, Missouri, 63105.

5. At the time of the negligent act or occurrence complained of herein, defendant was a customer and business invitee at the Wal-Mart located at 2015 West Foxwood Drive, Raymore, Missouri, 64083.

**Jurisdiction and Venue**

6. This Court has jurisdiction over all cases and matters, civil and criminal, pursuant to R.S.Mo. § 478.070.

7. Venue is proper pursuant to R.S.Mo. § 508.010.4 and R.S.Mo. § 478.461.1, in that the tortious conduct alleged to have caused the injuries herein occurred in Raymore, Cass County, Missouri.

8. For jurisdictional purposes, the amount at issue in this matter is in excess of $25,000.00.

**Facts of the Occurrence**

9. On or about November 21, 2020, plaintiffs Fierro and Bello were business invitees on the property of the store known as Wal-Mart, owned and operated by Defendant at

2

2015 West Foxwood Drive, Raymore, Missouri, 64083.

10. On the date and premises described above, Fierro and Bello were walking down one of Defendant's isles when an unsecured large metal shelving unit fell off the end of the isle, crushing the minor's left middle finger and bruising the minor's eye and upper arm.

## CAUSE OF ACTION
## Count I
## (Negligence)

COME NOW Plaintiffs, Fierro and Bello, by and through their counsel James LaSalle, and for Count I hereby state and allege in support of their cause of action against Defendant, Wal-Mart, allege and state as follows:

11. Plaintiffs hereby adopt, re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 10 above.

12. At the time of the negligent act and occurrence complained of herein and at all times mentioned, Wal-Mart had a duty to maintain a safe environment in the business property located at 2015 West Foxwood Drive, Raymore, Cass County, Missouri, 64083, prior to inviting customers onto the property.

13. Wal-Mart breached their duty and is responsible for the following acts and occurrences of negligence and carelessness:

    a. Defendant knew, or by the exercise of ordinary care, should have known of the likelihood of injury to Plaintiff by failing to secure a large metal shelving unit to the isle, prior to the time of Plaintiff's injury, and in time to take steps necessary to prevent the unsafe conditions resulting from the unsecured large metal shelving unit.

    b. Defendant negligently and carelessly failed to exercise ordinary care to discover the dangerous and unsafe condition of the unsecured large metal shelving unit, and the

3

likelihood of injury thereby.

   c. Defendant negligently and carelessly failed to timely warn the Plaintiffs of the aforesaid dangerous and unsafe condition of the unsecured large metal shelving unit and the likelihood of injury thereby.

   d. Defendant negligently and carelessly caused and permitted the unsecured large metal shelving unit thereby causing injury to Plaintiff.

   e. Defendant negligently and carelessly caused and permitted the unsecured large metal shelving unit to be placed in an area of high traffic.

14. As a direct and proximate result of the negligence carelessness of Wal-Mart, as more fully set forth above, Bello sustained serious injuries.

15. As a direct and proximate result of the negligence and carelessness of Wal-Mart, as more fully set forth above, Bello suffered an open fracture to her left middle finger, which required stitches and a cast.

16. As a direct and proximate result of the negligence and carelessness of Wal-Mart, as more fully set forth above, Bello suffered irreparable bone and muscle damage, causing her left finger to be permanently disfigured.

17. As a direct and proximate result of the negligence and carelessness of Wal-Mart, as more fully set forth above, Bello suffered one surgery to partially correct the disfigurement of her fingertip; it is likely that Bello will need an additional surgery when she is finished growing.

18. As a direct and proximate result of the negligence and carelessness of Wal-Mart, as more fully set forth above, Bello suffered blunt force trauma to her upper arm, causing a contusion on her left upper arm.

19. As a direct and proximate result of the negligence and carelessness of Wal-Mart,

4

as more fully set forth above, Bello suffered blunt force trauma to her face, causing a contusion to her left eye.

20. As a direct and proximate result of the negligence and carelessness of Wal-Mart, as more fully set forth above, Bello suffered permanent psychological and mental trauma, which has had a notable effect on her behavior and sleep patterns.

WHEREFORE, Plaintiffs Fierro and Bello, by and through their counsel, pray judgment against the Defendant, for such sums as are fair and reasonable, but in excess of Twenty-Five Thousand Dollars ($25,000.00), together with prejudgment interests, and all costs herein expended, and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/James LaSalle
Missouri Bar No. 45485
6314 Brookside Plaza, Suite 206A
Kansas City, Missouri 64113
Office: 816-842-4343
Fax: 816-817-0040
jameslasalle@gmail.com
ATTORNEY FOR PLAINTIFFS

**A JURY TRIAL IS HEREBY DEMANDED, AS TO ALL ISSUES TRIABLE TO A JURY.**